## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRIAN AND NANNIE STEIBEL,**

**Plaintiffs,**

**v.**

**VILLAGE OF PRAIRIE DU ROCHER,
JRS RECOVERY, INC., and
HAROLD WALLACE, both in his
individual and official capacity
as an officer with the Village of
Prairie Du Rocher,**

**Defendants.**                                    **No. 07-0197-DRH**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.  Introduction and Background

Now before the Court is Defendants Village of Prairie Du Rocher and Harold Wallace's motion to dismiss (Docs. 12 & 13).  Plaintiff opposes the motion (Docs. 19 & 20).  Based on the following, the Court grants in part and denies in part the motion.

This case arises out of the repossession of Plaintiffs' automobile. On March 30, 2007, Plaintiffs Brian and Nannie Stiebel filed a two-count complaint against the Village of Prairie Du Rocher, JRS Recovery, Inc. ("JRS Recovery"), and Harold Wallace alleging violations of their civil rights pursuant to 42 U.S.C. § 1983 (Count I) and unlawful repossession (Count II) (Doc. 6).  The complaint alleges that

on December 5, 2006, two employees of JRS Recovery arrived at their house and demanded the keys to their 2005 Mercury Mariner (Doc. 6; p. 2, ¶ ¶ 6-8).  The complaint further alleges that Plaintiffs requested documentation for the authority to repossess the vehicle and refused to give the JRS employees the keys  (Doc. 6; ps. 2-3, ¶ ¶ 9 & 10).  In response to the refusal to turn over the keys, the JRS employees contacted the police to assist them in retrieving the car (Doc. 6; ¶ 10).  Shortly thereafter, Officer Harold Wallace arrived at Plaintiffs' house and demanded that Plaintiffs turn over the keys to the vehicle (Doc. 6; p. 3, ¶ 11).  Further, the complaint alleges that Officer Wallace threatened to arrest and cite Plaintiffs if they refused to turn over the keys.  (Doc. 6; p. 3, ¶ 12).  Plaintiffs reluctantly turned over the keys after Officer Wallace reached for his handcuffs (Doc. 6; p. 3, ¶ 13).

Now before the Court is Defendants Village of Prairie Du Rocher and Wallace's motion to dismiss Plaintiffs' complaint for failure to state a claim (Doc. 12).  Specifically, Defendants allege that the complaint fails to allege sufficient facts to support a 42 U.S.C. § 1983 claim in that there must be a deprivation of property by one acting under the color of law and that the allegations against Wallace are conclusory allegations; that the complaint fails to properly allege a cause of action against Village of Prairie Du Rocher; and that Wallace is entitled to qualified immunity.[1]  In response, Plaintiffs argue that they have properly alleged § 1983 claims against Wallace and the Village of Prairie Du Rocher and that Wallace is not

---

[1]Defendants also argue that Plaintiffs have failed to allege the state law claim of conversion. In response, Plaintiffs maintain that they did not attempt to allege a conversion claim.

entitled to qualified immunity.  The Court now turns to address the merits of the motion to dismiss.

## II.  <u>Motion to Dismiss</u>

**Rule 12(b)(6)** permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  **Fed.R.Civ.P. 8(a)(2)**.  Motions to dismiss are intended only to test the legal sufficiency of the plaintiff's complaint, not to address the claims on their merits; summary judgment motions are the proper vehicles to consider legal arguments and evidence.

Recently, the Supreme Court determined that ***Conley's*** famous "no set of facts" phrase "has earned its retirement."  ***Bell Atlantic Corp. v. Twombly*, – U.S. –, 127 S.Ct. 1955, 1969 (May 21, 2007)**.  According to the Supreme Court, the threshold pleading requirement of **Federal Rule of Civil Procedure 8** requires a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a **Rule 12(b)(6)** motion to dismiss for failure to state a claim for which relief can be granted.  ***Id.* at 974 (clarifying that a "heightened fact pleading of specifics" is not required)(emphasis added)**.  In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ."  ***Id.* at**

**1964-65 (alteration in original)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).**  The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims.  ***Id.* at 1965 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'")(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(emphasis added)).**

First, Defendants argue that Plaintiffs have failed to allege a § 1983 claim against Wallace.  They contend that Officer Wallace was not personally involved, he did not aid in the repossession, nor did he cause any deprivation to occur.  In response, Plaintiffs assert that they have properly alleged a § 1983 cause of action.  The Court agrees with Plaintiffs.

In order to state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that some person, acting under color of law, has deprived him of a federal right.  ***Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)(citing Gomez v. Toledo, 446 U.S. 635, 640 (1980)).**  To be personally involved, a defendant must act (or fail to act) with deliberate or reckless disregard for the plaintiff's constitutional rights or must directly or knowingly consent to the conduct alleged to constitute the violation.  ***Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985)**.  "States are held responsible for private conduct only when the state has

exercised coercion or significantly encouraged the conduct, not when the state has merely acquiesced in a private party's initiatives. *Id*. at 1004-05.  When a police officer is involved in a private party's repossession of property, there is no state action if the officer merely keeps the peace, but there is state action if the officer affirmatively intervenes to aid the repossessor enough that the repossession would have not occurred without the officer's help.  *Marcus v. McCollum*, 394 F.3d 813, 818-19 (10th Cir. 2004)(listing cases and factors); *see Meyers v. Redwood City*, 400 F.3d 765, 771 (9th Cir. 2005)(same); *Dixon*, 302 F.3d at 865-66."  **Moore v. Carpenter, 404 F.3d 1043 (8th Cir. 2005)**.

Here, Plaintiffs' complaint alleges that they owned the vehicle; that Wallace threatened to arrest and cite Plaintiffs if they refused to turn over the keys to the car; that Wallace was acting in his official capacity and acting under color of law; that they never received any notice of the repossession and that they never had a hearing regarding the repossession.  The Court finds that the complaint alleges "enough facts to state a claim to relief that is *plausible* on its face" to constitute a violation of § 1983 against Wallace.  Thus, the Court denies Defendants' motion based on this argument.

Next, Defendants argue that Plaintiffs' complaint fails to state a claim against Village of Prairie Du Rocher as there is no governmental custom, plan or scheme alleged to provide official assistance or aid in the repossession of automobiles by private parties.  The Court agrees with Defendants.

Municipalities like Villages are "people" who can be liable under Section

1983. ***Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978); 42 U.S.C. § 1983**.  Municipalities and Villages, however, cannot be held liable merely because their employees violate citizen's constitutional rights.  Put another way, there is no respondeat superior liability under Section 1983.  ***Id.* at 692**.  Instead, to hold them liable, the Plaintiffs must show that an unconstitutional policy or custom caused their injuries.  ***See, e.g., Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986)**.  To allege a municipal policy, plaintiffs must allege either: "(1) an express policy ...; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) ... [action] by a person with final policymaking authority." ***Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994) (citations and internal marks omitted); *Davis v. Carter*, 452 F.3d 686 (7th Cir. 2006)**.

Plaintiffs' allegations, however, fall far short of showing or alleging any of the above three criteria.  The complaint simply states that "Defendants, in carrying out the repossession, were acting under the color of statutes, ordinances, customs, policies and usage of the State of Illinois and the Village of Prairie du Rocher."  (Doc. 6; p.4 ¶ 21).  Even read in the light most favorable to Plaintiffs though, the most that can be said is that the alleged wrongdoing surrounded one transaction.  Thus, the Court grants the motion to dismiss the claims against Village of Prairie Du Rocher.  However, the Court allows Plaintiffs leave to amend their complaint, if able to do so.

Lastly, Defendants contend that Wallace is entitled to qualified immunity "as he was merely keeping the peace." (Doc. 13, p. 3). "A defendant raising a claim of immunity is not directly attacking the merits of a plaintiff's claim. Instead, she is making the more modest assertion, that in the circumstances presented, the price of public employment should not include liability for civil damages when the law is not clearly established." **Markham v. White, 172 F.3d 486, 491 (7th Cir. 1999)**. In 2001, the Supreme Court in **Saucier v. Katz, 533 U.S. 194 (2001)** identified what trial courts are required to consider in determining the qualified immunity issue:

> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? . . . [I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. . . .
> . . . The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing would violate that right. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

**Id. at 201** (citations omitted). To determine whether the right allegedly violated was clearly established, the Court cannot view the law in the abstract but must examine it "in relation to the specific facts confronting [defendants] when [they] acted." **Colaizzi v. Walker, 812 F.2d 304, 308 (7th Cir. 1987)**. Based on the case law

above, the right was clearly established at the time of the alleged unlawful conduct. Thus, under the facts as alleged in Plaintiffs' complaint, Wallace is not entitled to qualified immunity and denies Defendants' motion based on this argument.

### III.  Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss (Doc. 12).  The Court **ALLOWS** Plaintiffs up to and including October 25, 2007 to file an amended complaint that comports with the Federal Rules of Civil Procedure, the Local Rules of this judicial district and this Order.

**IT IS SO ORDERED.**

Signed this 26th day of September, 2007.


/s/            DavidRHerndon
**United States District Judge**